IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAROLD C. WILLIS, | : | |
| Plaintiff | : | CIVIL NO. 1:07-CV-00949-CCC |
| | : | |
| v. | : | JUDGE CONNER |
| | : | |
| CARROLL TOWNSHIP, | : | JURY TRIAL DEMANDED |
| ET AL., | : | |
| Defendants | : | (Complaint Filed: May 24, 2007) |

**<u>DEFENDANT DIANNE PRICE'S MOTION TO DISQUALIFY ANTHONY R. SHERR, ESQUIRE AND THE LAW FIRM OF MAYERS, MENNIES & SHERR, LLP, AS COUNSEL FOR PLAINTIFF HAROLD C. WILLIS</u>**

Defendant Dianne Price (hereinafter "Defendant Price"), by and through her counsel, Lavery, Faherty, Young & Patterson, P.C., hereby moves this Court to disqualify Anthony R. Sherr, Esquire, and the law firm of Mayers, Mennies & Sherr, LLP, as counsel for Plaintiff Harold C. Willis and, in support therefore, avers as follows:

1.      Anthony R. Sherr, Esquire and the law firm of Mayers, Mennies & Sherr, LLP (hereinafter collectively referred to as "Plaintiff Counsel") initiated this

action against Defendant Price and other Defendants by filing a complaint on May 24, 2007 (hereinafter "Litigation").

2.   In the Litigation, Plaintiff Counsel represents Harold C. Willis (hereinafter "Plaintiff").

3.   In the Litigation, Plaintiff has brought a 1983 claim, including a request for punitive damages, against Defendant Price in her individual capacity and as the manager of Carroll Township.

4.   Prior to becoming the Carroll Township manager, Defendant Price was the manager of Dauphin Borough.  She was the manager of Dauphin Borough from 1992 through 1998.  Defendant Price is also a current council member on the Dauphin Borough Council and a past member of the Dauphin County Zoning Hearing Board.

5.   While the manager of Dauphin Borough, Plaintiff Counsel represented Defendant Price in an individual capacity and as the manager of Dauphin Borough in the matter of <u>Johnson v. Dauphin Borough, et al.</u>, which was filed in the United States District Court, Middle District of Pennsylvania at Docket No. 1:05-cv-01518.  The <u>Johnson</u> matter also involved a 1983 civil rights claim against Defendant Price and the Dauphin Borough.  (A copy of the Docket report is attached hereto and incorporated herein as Exhibit "A").

6.      Plaintiff Counsel has represented and/or currently represents the Dauphin Borough, in which Defendant Price is a council member, in the following matters:

      a.   <u>Richcreek v. Gulick</u>, et al., 1:97-cv-00614; and

      b.   <u>Rife v. Borough of Dauphin et al.</u>, 1:08-cv-00314.

(A copy of the Docket Reports are attached hereto and incorporated herein as Exhibits "B" and "C").

7.      Pennsylvania Rule of Professional Conduct 1.6, Confidentiality of Information, states in subsection (a) "A lawyer shall not reveal information relating to representation of a client unless the client gives informed consent. . ." Subsection (d) further states "The duty not to reveal information relating to representation of a client continues after the client-lawyer relationship has terminated."

8.      Pennsylvania Rule of Professional Conduct 1.7, Conflict of Interest: Current Clients, states, "A lawyer shall not represent a client if the representation involves a concurrent conflict of interest." The Rule further states that a concurrent conflict exists if: (1) the representation of one client will be directly adverse to another; or (2) there is significant risk that the representation of one or

more clients will be materially limited by the lawyer's responsibility to another client, former client or a third person.

9. Pennsylvania Rule of Professional Conduct 1.9, Duties to Former Clients, states in subsection (a) that "A lawyer who has formally represented a client in a matter shall not thereafter represent another person in the same **or a substantially related** matter in which that person's interest are materially adverse to the interest of the former client **unless the former client gives informed consent.**" (Emphasis added).

10. Pennsylvania Rule of Professional Conduct 1.9(c) states that a lawyer who has formally represented a client in a matter shall not use or reveal information relating to the representation to the disadvantage of the former client.

11. Pennsylvania Rule of Professional Conduct 1.9, Comment No. 3, states that matters are "substantially related" if there is a substantial risk that confidential factual information that would normally have been obtained in the prior representation would materially advance the client's position in a subsequent matter. The Rule further clarifies that knowledge of facts gained in a prior representation that are relevant to the matter in question will preclude representation.

12. This Court has the power to disqualify an attorney because of its inherent authority to supervise the professional conduct of attorneys appearing before it.  United States v. Miller, 624 F.2d 1198-1201 (3rd Cir. 1980).

13. Local Rule 83.23.2 of the United States District Court for the Middle District of Pennsylvania, incorporates the Pennsylvania Rules of Professional Conduct.

14. An attorney owes a duty of confidentiality to each client as set forth in Pennsylvania Rules of Professional Conduct 1.6 and 1.9.  These Rules prohibit an attorney from revealing information relating to the representation of a client unless the client gives informed consent.

15. Plaintiff Counsel's representation of Defendant Price in an individual capacity, as the manager of the Dauphin Borough, and as a council member of Dauphin Borough Council permitted Plaintiff Counsel to obtain possession of and have access to privileged and confidential information and documents concerning Defendant Price in a substantially similar manner.

16. As of the date of the filing of this Motion, Defendant Price has not waived the present and inherent conflict of interest created by Plaintiff Counsel's representation of Plaintiff.

17. It is unreasonable to believe that Plaintiff Counsel's knowledge and possession of confidential and privileged information and documents obtain during his prior representation of Defendant Price will not be used against her in the current Litigation.

18. Application of Pennsylvania Rules of Professional Conduct 1.6, 1.7, and 1.9 to this case require disqualification of Plaintiff Counsel because there is a substantial risk that Plaintiff Counsel has obtained privileged and confidential information and documents that will be used against Defendant Price.

19. Application of Pennsylvania Rules of Professional Conduct 1.6, 1.7, and 1.9 to this case requires disqualification of Plaintiff Counsel because Plaintiff Counsel currently represents Defendant Price as a member of the Dauphin Borough Council.

20. A conflict exists because of Plaintiff Counsel's representation of Plaintiff, Plaintiff Counsel's current representation of the Dauphin Borough Council, in which Defendant Price is a member, and Plaintiff Counsel's prior representation of Defendant Price in a substantially similar matter. This conflict prevents the free flow of information necessary to prepare a proper case and/or defense of the claims. This conflict severally limits Plaintiff Counsel's ability to

represent both clients adequately. Furthermore, Defendant Price's interest is directly adverse to Plaintiff's claims.

21. Plaintiff Counsel has an unwaiveable conflict of interest in this matter and is precluded from representing Plaintiff because of Pennsylvania Rules of Professional Conduct 1.6, 1.7, and 1.9.

WHEREFORE, Defendant Dianne Price requests that this Honorable Court grant her Motion to Disqualify Anthony R. Sherr, Esquire and the law firm of Mayers, Mennies & Sherr, LLP from serving as counsel for Plaintiff Harold C. Willis.

                              Respectfully submitted,

                              Lavery, Faherty, Young & Patterson, P.C.

                              By: /s/ Robert G. Hanna, Jr.
                                  Robert G. Hanna, Jr., Esquire
                                  225 Market Street, Suite 304
                                  P.O. Box 1245
DATE 5/30/2008              Harrisburg, PA 17108-1245
                                  (717) 233-6633 (telephone)
                                  (717) 233-7003 (facsimile)
                                  Atty No. PA17890
                                  rhanna@laverylaw.com
                                  Atty for Defendant Dianne Price

## CERTIFICATE OF NONCONCURRENCE/CONCURRENCE

I, Robert G. Hanna, Jr., Esquire, do hereby certify that counsel for Defendant contacted Anthony R. Sherr, Esquire, counsel for Plaintiff, by email on May 29, 2008 requesting his concurrence/non-concurrence on the attached Motion to Disqualify. Plaintiff's counsel does not concur since Defendant's counsel has not received a response to the email.

                Respectfully submitted,

                Lavery, Faherty, Young & Patterson, P.C.

                By: /s/ Robert G. Hanna, Jr.
                      Robert G. Hanna, Jr., Esquire
                      225 Market Street, Suite 304
                      P.O. Box 1245
DATE 5/30/2008          Harrisburg, PA 17108-1245
                      (717) 233-6633 (telephone)
                      (717) 233-7003 (facsimile)
                      Atty No. PA17890
                      rhanna@laverylaw.com
                      Attys for Defendant Dianne Price

## CERTIFICATE OF SERVICE

I, E. Ralph Godfrey, an attorney with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this 30th day of May, 2008, I served a true and correct copy of the foregoing **MOTION TO DISQUALIFY,** via electronic filing to:

>Anthony R. Sherr, Esquire
>Email:  tsherr@mmsllp.com
>*Attorney for Plaintiff*

>/s/ E. Ralph Godfrey
>E. Ralph Godfrey, Esquire

**This document has also been electronically filed and is available for viewing and downloading from the ECF system.**