# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HAROLD C. WILLIS,** | : | |
| Plaintiff | : | CIVIL NO. 1:07-CV-00949-CCC |
| | : | |
| v. | : | JUDGE CONNER |
| | : | |
| **CARROLL TOWNSHIP,** | : | JURY TRIAL DEMANDED |
| **ET AL.,** | : | |
| Defendants | : | (Complaint Filed: May 24, 2007) |

## DEFENDANT DIANNE PRICE'S BRIEF IN SUPPORT OF HER MOTION TO DISQUALIFY ANTHONY R. SHERR, ESQUIRE AND THE LAW FIRM OF MAYERS, MENNIES & SHERR, LLP, AS COUNSEL FOR PLAINTIFF, HAROLD C. WILLIS

Defendant, Dianne Price, by and through her counsel, Lavery, Faherty, Young & Patterson, P.C., hereby moves this Court to disqualify Anthony R. Sherr, Esquire, and the law firm of Mayers, Mennies & Sherr, LLP, as counsel for Plaintiff, Harold C. Willis, and, in support of her Motion to Disqualify, files this supporting brief.

## I. STATEMENT OF FACTS;

Anthony R. Sherr, Esquire and the law firm of Mayers, Mennies & Sherr, LLP (hereinafter collectively referred to as "Plaintiff Counsel") initiated this action against Defendant Dianne Price (hereinafter "Defendant") and other Defendants by

filing a complaint on May 24, 2007, (hereinafter "Litigation") alleging violations of Plaintiff's civil rights and requesting compensatory and punitive damages against Defendant in her individual capacity and as Manager of Carroll Township. Prior to becoming the Carroll Township Manager, Defendant was the Manager of Dauphin Borough. She was the Manager of Dauphin Borough from 1992 through 1998. Defendant is also a current council member of the Dauphin Borough Council and a past member of the Dauphin Borough Zoning Hearing Board.

While the Manager of Dauphin Borough, Plaintiff Counsel represented Defendant in an individual capacity and as the Manager of Dauphin Borough in the matter of Johnson v. Dauphin Borough, et al., which was filed in the United States District Court, Middle District of Pennsylvania at Docket No. 1:05-CV-01518. The Johnson matter involved a 1983 civil rights claim against Defendant and the Dauphin Borough. (See copy of the docket report, which is attached to Defendant Price's Motion to Disqualify as Exhibit "A"). Plaintiff Counsel also represented and/or currently represents the Borough of Dauphin, in which Defendant is a counsel member, in Richcreek v. Gulick, et al., 1:97-CV-00614 and Rife v. Borough of Dauphin, 1:08-CV-00314. (See copy of the docket reports attached to Defendant Price's Motion to Disqualify as Exhibits "B" and "C"). Because of Plaintiff Counsel's prior and/or current representation of Defendant, in an individual capacity

2

and as a member of the Council for the Borough of Dauphin, in substantially similar matters, Plaintiff Counsel must be disqualified.

## II. ISSUE:

**WHETHER ANTHONY R. SHERR, ESQUIRE AND THE LAW FIRM OF MAYERS, MENNIES & SHERR, LLP SHOULD BE DISQUALIFIED AS COUNSEL FOR PLAINTIFF, HAROLD C. WILLIS, IN THIS MATTER?**

**SUGGESTED ANSWER:** Yes

## III. ANALYSIS:

Anthony R. Sherr, Esquire and the law firm of Mayers, Mennies & Sherr, LLP must be disqualified because Pennsylvania Rules of Professional Conduct 1.6, 1.7 and 1.9, preclude their representation. "The district court's power to disqualify an attorney derives from its inherent authority to supervise the professional conduct of attorneys appearing before it." *United States v. Miller*, 624 F.2d 1198, 1201 (3rd Cir. 1980). "The party seeking to disqualify opposing counsel bears the burden of clearly showing that continued representation would be impermissible." *Cohen v. Oasin*, 844 F. Supp. 1065, 1067 (E.D. Pa. 1994). It is well understood, however, that parties "do not have an absolute right to retain particular counsel." *IBM Corp. v. Levin*, 579 F.2d 271, 283 (3rd Cir. 1978). The right of the public to counsel of its choice is secondary to the paramount importance of maintaining the highest standards of professional conduct and the scrupulous administration of justice. *Baglini v. Pullman, Inc.*, 412 F.Supp. 1060, 1066 (E.D. Pa. 1976).

The Pennsylvania Supreme Court has adopted the Rules of Professional Conduct. Local Rule 83.23.2 of the United States District Court for the Middle District of Pennsylvania incorporates the Pennsylvania Rules of Professional Conduct as its standard. In addition to L.R. 83.23.2, the court has its own independent interest in protecting its judgments against later collateral attack, preserving the integrity of its proceedings, and protecting the truth-seeking function of the proceedings. *United States v. Voight*, 89 F.3d 1050, 1076 n.12 (3d Cir. 1996).

"Disqualification ordinarily is the result of finding that a disciplinary rule prohibits an attorney's appearance in a case." *Miller*, 624 F.2d at 1201. In determining whether disqualification of counsel is appropriate, the court must first consider whether any disciplinary rule has been violated and, if it has, determine if disqualification is an appropriate penalty. *Int'l Longshoremen's Ass'n, Local Union 1332 v. Int'l Longshoremen's Ass'n*, 909 F.Supp 287, 290 (E.D. PA. 1995); *U.S. v. Miller*, supra, 624 F.2d at 1201.

In conducting this analysis, the court should consider the ends that the disciplinary rule is designed to serve and any countervailing policies, such as permitting a litigant to retain the counsel of his choice and enabling attorneys to practice without excessive restriction. *Id.* Any doubts as to the existence of a conflict should be resolved in favor of disqualification. *Pressman-Gutman Co. v. First Union National Bank*, 2004 WL 2743582 (E.D. Pa. 2004).

Pennsylvania Rule of Professional Conduct 1.6, Confidentiality of Information, states in Subsection (a) "a lawyer shall not reveal information relating to representation of a client unless the client gives informed consent…" Subsection (d) of that Rule further states "the duty not to reveal information relating to representation of a client continues after the client-lawyer relationship has terminated."

It is clear from the facts of this case that Plaintiff Counsel cannot avoid violating the duty imposed by Rule 1.6 because he cannot possible pursue the current Litigation and not use and/or reveal privileged and confidential information he obtained from Defendant in the past representation. Plaintiff Counsel's representation of Defendant in her individual capacity, as the Manager of the Dauphin Borough, and as a counsel member of the Dauphin Borough Council has provided him with privileged and confidential information. It is unreasonable to believe that Plaintiff Counsel's knowledge of confidential and privileged information obtained during his previous representation of Defendant will not be used against her in the current Litigation.

Pennsylvania Rule of Professional Conduct 1.7, Conflict of Interest: Current Client, states, "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest." The Rule further states that a concurrent conflict exists if:

1. The representation of one client will be directly adverse to another; or

2. There is significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibility to another client, former client, or a third person.

A current conflict exists because of Plaintiff Counsel's concurrent representation of the Dauphin Borough Council, in which Defendant Price is a member, and the significant risk that the representation will be materially limited by his responsibility to another client, Plaintiff. This current conflict prevents the free flow of information between all of the parties involved and gives the appearance of impropriety. The current conflict also severely limits the ability of Defendant to provide information and facts to Plaintiff Counsel in the other litigation because of the potential that this information may be used against her. The limitation on the free flow of information substantially impairs the ability of Defendant to adequately represent herself and the Borough of Dauphin. Simply stated, this direct conflict prevents the free flow of information needed to adequately represent a party thereby limiting the representation provided by Plaintiff Counsel.

Pennsylvania Rule of Professional Conduct 1.9, Duties to Former Clients, states in Subsection (a) that "a lawyer who has formally represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interest

of the former client unless the former client gives informed consent." Pennsylvania Rule of Professional Conduct 1.9(c) states that a lawyer who has formally represented a client in a matter shall not use or reveal information relating to the representation to the disadvantage of a former client. Pennsylvania Rule of Professional Conduct 1.9, Comment No. 3, states that matters are "substantially related" if there is a "substantial risk" that confidential information that would normally be obtained in the prior representation could materially advance another client's position in a subsequent matter. The Rule further clarifies that knowledge of the facts gained in a prior representation that are relevant to the matter in question will preclude representation.

    The application of Rule 1.9 to this case also clearly precludes Plaintiff Counsel's involvement. This Litigation compared to the other litigation in which Plaintiff Counsel has represented Defendant and the Borough of Dauphin are substantially similar because both claims arise out of 1983 civil rights actions involving municipalities. The facts show that Plaintiff Counsel has defended Defendant in the past from substantially similar matters. It is also clear that Defendant's interests are materially adverse to the interest of Plaintiff Counsel's current client. Lastly, Defendant has not given informed consent to the release of her confidential information. In addition, it is impossible for Plaintiff Counsel to represent Plaintiff in this Litigation without using or disclosing the information

7

provided to him by Defendant to her disadvantage. Since these claims are "substantially related" and there is a "substantial risk" that confidential information obtained from Defendant in her prior representation will be used to advance Plaintiff's position in this current litigation, Plaintiff Counsel must be disqualified. Plaintiff Counsel is clearly prohibited from representing Plaintiff in this matter because of Rule 1.9.

## IV.  CONCLUSION:

In summary, Plaintiff Counsel must be disqualified because he has an unwaiveable conflict of interest as set forth in Rules 1.7 and 1.9 of the Rules of Professional Conduct and has a duty of loyalty and confidentiality as provided for in Rule 1.6 of the Rules of Professional Conduct.  Accordingly, it is respectfully requested that this Court grant Defendant Price's Motion to Disqualify Anthony R. Sherr, Esquire and the law firm of Mayers, Mennies & Sherr, LLP.

Respectfully submitted,

Lavery, Faherty, Young & Patterson, P.C.

By: /s/ Robert Hanna_____
    Robert G. Hanna, Jr., Esquire
    225 Market Street, Suite 304
    P.O. Box 1245

DATE: 6-9-2008              Harrisburg, PA 17108-1245
    (717) 233-6633 (telephone)
    (717) 233-7003 (facsimile)
    Atty No. PA17890
    rhanna@laverylaw.com
    Attys for Defendant Dianne Price

**CERTIFICATE OF SERVICE**

I, Janette R. Loudon, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this 9th day of June, 2008, I served a true and correct copy of the foregoing **DEFENDANT DIANNE PRICE'S BRIEF IN SUPPORT OF HER MOTION TO DISQUALIFY ANTHONY R. SHERR, ESQUIRE AND THE LAW FIRM OF MAYERS, MENNIES & SHERR, LLP, AS COUNSEL FOR PLAINTIFF, HAROLD C. WILLIS** via electronic filing to:

> Anthony R. Sherr, Esquire
> Email: tsherr@mmsllp.com
> *Attorney for Plaintiff*

> */s/ Janette R. Loudon*
> Janette R. Loudon
> Legal Secretary to Robert G. Hanna, Jr., Esquire

This document has also been electronically filed and is available for viewing and downloading from the ECF system.