IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HAROLD C. WILLIS,** | : | CIVIL ACTION NO. 1:07-CV-0949 |
| **Plaintiff** | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| **CARROLL TOWNSHIP, et al.,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 5th day of August, 2008, upon consideration of defendant Dianne Price's motion to disqualify Anthony R. Sherr, Esquire as counsel for plaintiff Harold C. Willis (Doc. 42), in which defendant Price alleges that Attorney Sherr's representation of plaintiff involves both concurrent[1] and successive[2] conflicts of interest, and it appearing that defendant Price was formerly the

---

[1] Pennsylvania Rule of Professional Conduct 1.7 states that:

[A] lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

PA. RULES OF PROF'L CONDUCT R. 1.7; see also L.R. 83.23.2 (adopting the Pennsylvania Rules of Professional Conduct for all proceedings before this court).

[2] Pennsylvania Rule of Professional Conduct 1.9 states that:

A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent.

PA. RULES OF PROF'L CONDUCT R. 1.9.

manager of Dauphin Borough and is now a member of the Dauphin Borough Council, that Attorney Sherr represented defendant Price in her capacity as the Dauphin Borough manager in the matter of <u>Johnson v. Dauphin Borough</u>, No. 05-1518 (M.D. Pa.), and that Attorney Sherr currently represents Dauphin Borough in the matters of <u>Richcreek v. Gulick</u>, No. 97-0614 (M.D. Pa.) and <u>Rife v. Borough of Dauphin</u>, No. 08-0314 (M.D. Pa.), and the court finding that no successive conflict of interest exists because Attorney Sherr's former representation of defendant Price did not involve the "same or a substantially related matter" as the instant case,[3] <u>see</u> PA. RULES OF PROF'L CONDUCT R. 1.9, but that a concurrent conflict of interest does

---

[3] The instant matter involves defendant Price in her capacity as manager of Carroll Township, while the former matter related to defendant Price's actions in her capacity as manager of Dauphin Borough. Defendant Price has provided no factual support for the proposition that the two lawsuits are related in any way. Accordingly, she has failed to meet her burden to establish a successive conflict of interest. <u>See</u> <u>Cohen v. Oasin</u>, 844 F. Supp. 1065, 1067 (E.D. Pa. 1994) ("The party seeking to disqualify opposing counsel bears the burden of clearly showing that continued representation would be impermissible.").

exist because Attorney Sherr's representation of plaintiff is "directly adverse" to his representation of Dauphin Borough,[4] see id. R. 1.7, it is hereby ORDERED that:

1.  The motion to disqualify (Doc. 42) is GRANTED.

2.  Anthony R. Sherr, Esquire is DISQUALIFIED from representing the plaintiff in the above-captioned action.

3.  Anthony R. Sherr, Esquire shall provide a copy of the instant order to the plaintiff in the above-captioned action.

4.  On or before September 3, 2008, the plaintiff is directed to either: (1) obtain qualified counsel and notify the court of the identity of such counsel, or (2) notify the court that he wishes to proceed without counsel, that is, *pro se*, for the remainder of this action.

---

[4] In Municipal Revenue Services, Inc. v. Xspand, Inc., 537 F. Supp. 2d 740 (M.D. Pa. 2008), this court held that a concurrent conflict of interest existed where an attorney simultaneously represented a county and one of its commissioners in two unrelated actions. The court reasoned that:

> [B]ecause "the County" is an abstraction, the Commissioners are, in essence, the County personified. . . .  Accordingly, the duty of loyalty owed to the County extends to its Commissioners, and that duty is ostensibly breached when the attorney representing the County, albeit in [an] unrelated matter, nevertheless seeks to drag through the proverbial mud the County's Commissioners, and, with them, at least by implication, the County.

Id. at 747.  Similarly, in the instant action, simultaneously representing both a borough and an individual suing one of the borough's council members "appears to violate the letter, and most certainly the spirit, of Rule 1.7" of the Pennsylvania Rules of Professional Conduct.  Id. at 746.  To avoid the appearance of impropriety that would result from such simultaneous representation, the court will disqualify Attorney Sherr from representing plaintiff.  See Int'l Bus. Machines Corp. v. Levin, 579 F.2d 271, 283 (3d Cir. 1978) (permitting a court to "disqualify an attorney for failing to avoid even the appearance of impropriety" and noting that a plaintiff does "not have an absolute right to retain particular counsel").

5. The pretrial and trial schedule in the above-captioned action is STAYED pending plaintiff's decision to retain counsel or elect to proceed *pro se*. Thereafter, the court will issue a revised pretrial schedule.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge