# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HAROLD C. WILLIS**, | : | CIVIL ACTION NO. 1:07-CV-0949 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **CARROLL TOWNSHIP**, *et al.*, | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 23rd day of December, 2008, upon consideration of the motion (Doc. 55) for reconsideration of the disqualification of Anthony R. Sherr, Esquire ("Attorney Sherr"), filed by Attorney Sherr on behalf of *pro se* plaintiff Harold C. Willis ("Willis"), and it appearing that by the order of court (Doc. 54) dated August 5, 2008, Attorney Sherr was disqualified due to a concurrent conflict of interest between Attorney Sherr's continuing representation of the Borough of Dauphin in multiple unrelated matters, and his representation of Willis,[1] (see id.), and it further appearing that Willis is attempting to remove this conflict of interest by dismissing defendant Dianne Price from the above-captioned matter, (see Doc. 55, Ex. B), but that plaintiff has yet to file a stipulation of dismissal pursuant to Rule

---

[1] Attorney Sherr currently represents the Borough of Dauphin in the matters of Richcreek v. Gulick, No. 1:97-CV-0614 (M.D. Pa.) and Rife v. Borough of Dauphin, No. 1:08–CV-314 (M.D. Pa.). (See Doc. 54.) Dianne Price, a defendant in the above-captioned matter, is a current member of the Dauphin Borough Council. (See id.) Thus, the court ruled that Attorney Sherr's representation of plaintiff was "directly adverse" to his representation of the Borough of Dauphin. (Id.)

41,[2] see FED. R. CIV. P. 41(a) (explaining the proper method by which a litigant may voluntarily dismiss a party to the cause of action), it is hereby ORDERED that:

1. On or before December 31, 2008, plaintiff may file a stipulation of dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure. Failure to do so may result in the denial of plaintiff's motion (Doc. 55) for reconsideration.

2. The stipulation required by Paragraph 1 of this order may be filed by plaintiff, who is currently proceeding *pro se*.

3. Upon filing of the Rule 41 stipulation, the court will rule on the motion (Doc. 55) for reconsideration, order further briefing, or take other appropriate action.

4. Nothing contained herein should be construed as an indication that the court will rule favorably upon the motion for reconsideration if the stipulation is filed in accordance with Paragraph 1 above.

5. Pursuant to the order of court (Doc. 54) dated August 5, 2008, the pretrial and trial schedule in the above-captioned matter is STAYED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Court

---

[2] Willis's motion for reconsideration (Doc. 55) attaches a letter written by Joseph Klein, Esquire, to Attorney Sherr. (Id., Ex. B.) In that letter, Klein states that "Mr. Willis . . . ha[s] agreed to drop Dianne Price as a party Defendant and proceed against the municipality and the other named Defendants." (Id.) This letter does not suffice as a substitute for a Rule 41 stipulation of dismissal.