## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HAROLD C. WILLIS,** | : | **CIVIL ACTION NO. 1:07-CV-0949** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **CARROLL TOWNSHIP,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 29th day of January, 2009, upon consideration of the motion

(Doc. 55) for reconsideration of the disqualification of Anthony R. Sherr, Esquire

("Attorney Sherr"), filed by Attorney Sherr on behalf of *pro se* plaintiff Harold C.

Willis ("Willis"), and it appearing that by the order of court (Doc. 54) dated August

5, 2008, Attorney Sherr was disqualified due to a concurrent conflict of interest

between his continuing representation of the Borough of Dauphin and his

representation of Willis,[1] (<u>see</u> <u>id.</u>), that Willis subsequently filed a stipulation (Doc.

61) dismissing Borough of Dauphin Council member Dianne Price ("Price"), and

that Willis now claims that Price's dismissal presents new facts and circumstances

that "nullif[y] any concurrent conflict existing at the time" of the court's

---

[1] Attorney Sherr currently represents the Borough of Dauphin in the matters
of <u>Richcreek v. Gulick</u>, No. 1:97-CV-0614 (M.D. Pa.) and <u>Rife v. Borough of Dauphin</u>,
No. 1:08–CV-314 (M.D. Pa.).  (<u>See</u> Doc. 54.)  Dianne Price, who was previously
named as a defendant in the above-captioned matter, is a current member of the
Dauphin Borough Council.  (<u>See</u> <u>id.</u>)  Thus, the court ruled that Attorney Sherr's
representation of plaintiff was "directly adverse" to his representation of the
Borough of Dauphin.  (<u>Id.</u>)

disqualification order, (see Doc. 55 at 3); see also Jilin Pharm. USA, Inc. v. Chertoff, 447 F.3d 196, 199 n.4 (3d Cir. 2006) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985))), and it further appearing that Pennsylvania Rule of Professional Conduct 1.7 specifies that a "concurrent conflict of interest exists if . . . there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person," PA. RULES OF PROF'L CONDUCT R. 1.7(a)(2), and that Attorney Sherr continues to represent both the Borough of Dauphin and Price, in her position as Dauphin Borough Council member, and the court concluding that Attorney Sherr's reinstatement in the above-captioned matter poses a significant risk that either the above-captioned

plaintiff or the Borough of Dauphin will receive counsel and advice that is

materially limited,[2] it is hereby ORDERED that:

1.    The motion for reconsideration (Doc. 55) of the order of court (Doc. 54)
      dated August 5, 2008 is DENIED.

2.    On or before February 9, 2009, plaintiff is directed to either: (1) obtain
      qualified counsel and notify the court of the identity of such counsel; or
      (2) notify the court that he wishes to proceed without counsel, that is,
      *pro se*, for the remainder of this action.

3.    The pretrial stay imposed by the order of court (Doc. 54) dated
      August 5, 2008 is LIFTED.

4.    A revised pretrial and trial schedule shall issue by future order of
      court.


                                    S/ Christopher C. Conner
                                    CHRISTOPHER C. CONNER
                                    United States District Judge

---

[2] Although Price has been dismissed from the above-captioned matter,
defendants contend that her testimony remains integral to the prosecution of
plaintiff's case.  (See Doc. 57.)  Defendants argue that Price "will still be a main
witness and her testimony will be critical to the issues alleged in the Complaint."
(Id. at 6.)  Furthermore, defendants claim that "Attorney Sherr's continued
representation of Dauphin Borough, which includes Defendant Price, will be
materially limited since she cannot trust him to represent her adequately."  (Id.)
The court finds these arguments persuasive.  In the above-captioned matter, Price
is likely to be deposed and, potentially, to testify.  It is difficult to imagine how
Attorney Sherr could conduct a vigorous examination of Price on plaintiff's behalf,
and simultaneously maintain the confidentiality and trust relationship that is
necessary to protect Price's interest as Dauphin Borough Council member.  This is
precisely the situation that Rule 1.7 is intended to prevent.  See PA. RULES OF
PROF'L CONDUCT R. 1.7 cmt. 8 ("The client as to whom the representation is directly
adverse is likely to feel betrayed, and the resulting damage to the client-lawyer
relationship is likely to impair the lawyer's ability to represent the client
effectively.").